

# In the United States Court of Federal Claims

No. 16-800 C

(Filed July 28, 2016)

FILED

JUL 2 8 2016

U.S. COURT OF
FEDERAL CLAIMS

|   |   |
|---|---|
| WAYNE PETTAWAY, | ) |
|             Plaintiff, | ) |
| v. | ) |
|   | ) |
| THE UNITED STATES, | ) |
|             Defendant. | ) |

### ORDER

Plaintiff filed a complaint with the court on July 5, 2016. *See* Doc. 1. In it, he states that he has claims against Qadir Abdul Shabazz, the Internal Revenue Service, the State of Georgia, and the City of Chicago, Illinois. *See id.* at 1. Although the one page complaint does not include the substance of plaintiff's supposed claims, he alleges that the claims are brought pursuant to a Pennsylvania state criminal statute relating to the misdemeanor of unsworn falsification to authorities. *See id.* (citing 18 PA. CONS. STAT. § 4904).

This court is one of limited jurisdiction, as set forth in 28 U.S.C. § 1491(a):

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

"A court may and should raise the question of its jurisdiction *sua sponte* any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 2000). As the Federal Circuit has explained, the Court of Federal Claims "does not have jurisdiction over any criminal matters or any constitutional claims that do not provide for the payment of money damages." *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (citing *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994)). Moreover, this court lacks jurisdiction to adjudicate claims made

USPS TRACKING #   **9114 9014 9645 0594 5520 54**
& CUSTOMER         For Tracking or inquiries go to USPS.com
RECEIPT               or call 1-800-222-1811.

under state, rather than federal, law. *See Souders v. S. Carolina Pub. Serv. Auth.,* 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.") (citing *United States v. Mitchell,* 463 U.S. 206, 215–18, (1983)).

Because plaintiff's claims are made pursuant to a Pennsylvania state criminal statute, the court clearly lacks subject matter jurisdiction to consider this matter. As such, the clerk is hereby directed to **DISMISS** this case without prejudice. Plaintiff's motion for *in forma pauperis* status is **DENIED** as moot. *See* Doc. 7. In addition, the court waives the filing fee, in only this instance, as its consideration of this case was limited to determining subject matter jurisdiction.

**SO ORDERED.**

                                                            */s/ James F. Merow*
                                                            James F. Merow
                                                            Senior Judge